IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ROBERT CRAWFORD and JOSEPH )
SHORETTE, )
 )
      Plaintiffs, )
 )
 )
vs. )   CASE NO. 3:10-00628
 )   JUDGE SHARP/KNOWLES
 )
 )
PACE INDUSTRY UNION- )
MANAGEMENT PENSION FUND )
(PIUMPF), )
 )
      Defendant. )


## ORDER

This matter is before the Court upon Plaintiffs' "Motion to Recuse Magistrate Judge" (Docket No. 107), which is supported by a Memorandum of Law (Docket No. 108). Defendant has not filed a Response to the Motion.

The Motion states that its basis is that the undersigned's "impartiality might reasonably be questioned in accordance with 28 U.S.C. § 455(a)."[1] Docket No.108, p. 1. Plaintiffs argue:

> The Plaintiffs realize this is an extraordinary measure and further that merely being on the losing side of a ruling does not constitute reasonable grounds to question a Magistrate's [*sic*] or Judge's impartiality. However, in this case, bias is blatant; reason and impartiality absent. As we have set forth in the accompanying

---

[1] That statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> memorandum of law, the Magistrate Judge's recommendations in this case, particularly with respect to Count II of the amended ERISA Complaint [Document 61] so directly and in the face of the Plaintiffs' citations to correct authority misstate the established and readily accessible law of the Sixth Circuit and the Plaintiffs' arguments as to give rise to a fair inference of partiality.

Docket No. 107, p. 1-2.

Although the Motion refers to the undersigned's "recommendations," the only recommendation specifically discussed in the Motion and supporting Memorandum is a Report and Recommendation submitted by the undersigned recommending that Defendant's Motion to Dismiss Count II of Plaintiffs' Amended Complaint be granted.[2] Docket No. 92. Plaintiffs sought review of that Report and Recommendation by Judge Sharp (Docket Nos. 98, 99), which is pending.

Shortly thereafter, Plaintiffs filed the instant Motion and a separate "Motion to Vacate Referral to Magistrate Judge Pursuant to Fed. R. Civ. P. 73(b)(3)." Docket Nos. 105, 106. Judge Sharp subsequently entered an Order denying Plaintiffs' Motion to Vacate the referral to the undersigned, and directing the undersigned to rule on the Motion for Recusal. Docket No. 109.

In the instant Motion, Plaintiffs argue as follows:

> This is an instance in which the Plaintiffs' allegation of bias does not stem from any extra-judicial source coloring the Magistrate Judge's reasoning. But the grounds for disqualification are not so limited. . . . Judicial acts in themselves may constitute grounds for

---

[2] Plaintiffs also refer to "numerous other errors the Plaintiffs will invoke in asking the Court to reject the recommendations (applying the terms of a January 2002 plan into the rights of retirees leaving the plan before February 28, 1980, is another notable error) . . . ." Docket No. 108, p. 4. To the extent that Plaintiffs argue for a rejection of one or both of the previous Reports and Recommendations, that issue is for Judge Sharp.

2

> vacating a referral or recusal "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." . . . That is the Plaintiffs' contention here. The Magistrate Judge's recommendation that Count II be dismissed is flawed in the extreme and so misstates the readily accessible law of the Sixth Circuit and the reasoning upon which Plaintiffs relief that it seems virtually to exclaim bias, and indeed, antagonism.

Plaintiffs obviously disagree with the undersigned's previous Report and Recommendation, but, as they admit, merely losing a ruling does not justify a Motion to Recuse. Plaintiffs, however, attempt to bolster their argument with contentions that the undersigned's Report and Recommendation essentially was so ridiculous and extreme that the undersigned must harbor some bias.

Plaintiffs' main point appears to be that the undersigned either did not read or did not understand a Sixth Circuit case, *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 440 (6th Cir. 2010). Plaintiffs argue in part as follows:

> The Plaintiffs relied on [*Bloemker*] primarily to show that equitable estoppel is a doctrine the Sixth Circuit has held to apply to pension plans as well as to welfare benefit plans in certain circumstances. Plaintiffs argued in Count II that if the plain language of the Plan was found not to explicitly support their pension awards, then at the very least the Plan was ambiguous **and** the Plaintiffs were entitled to seek a remedy under the doctrine of equitable estoppel as plainly established by the Sixth Circuit in *Bloemker*.

Docket No. 108, p. 2-3 (emphasis in original).

The undersigned first notes that Plaintiffs' statements about their reliance on *Bloemker* are not cited to any portion of their Response in Opposition to Defendants' Motion Regarding Count II of the Amended Complaint (Docket No. 67). In fact, Plaintiffs cited *Bloemker* <u>only once</u> in their Response to Defendant's Motion to Dismiss. As the Court stated in its Report and

3

Recommendation:

> Plaintiffs' Response is rather difficult to follow. The Court notes that Plaintiffs' Response mentions only two cases, one of which is *Sprague* [*v. General Motors Corp.*, 133 F.3d 388 (6th Cir. 1998) (en banc).]. Plaintiffs state as follows:
>
>> The Defendant's argument that the Plaintiffs are trying to use [*Bloemker*] to overturn *Sprague* . . . is further unsupported nonsense. The Plaintiffs simply argue that if the Plan does not unambiguously support their position it is at least ambiguous. They are not in any way attempting to argue that estoppel in their particular case should vary the terms of unambiguous Plan provisions.

Docket No. 92, p. 4, *quoting* Docket No. 67, p. 14-15.

It is obvious that Plaintiffs' statement that they relied upon on *Bloemker* "primarily to show that equitable estoppel is a doctrine the Sixth Circuit has held to apply to pension plans as well as welfare benefit plans in certain circumstances," is simply not correct.

Moreover, in their Response, Plaintiffs stated that they were not "in any way attempting to argue that estoppel in their particular case should vary the terms of unambiguous Plan provisions." Docket No. 67, p. 14-15. That position is consistent with *Sprague,* an *en banc* decision of the Sixth Circuit, which stated:

> Principles of estoppel, however, cannot be applied to vary the terms of unambiguous Plan documents; *estoppel can only be invoked in the context of ambiguous Plan provisions*.

133 F.3d at 404 (emphasis added).

In the instant Motion, however, Plaintiffs argue that *Bloemker* should be applied to the Plaintiffs' claims here *whether or not* the Plan provision at issue was ambiguous. Docket No. 108, p. 3. Plaintiffs' arguments are confusing and inconsistent, since Plaintiffs previously

4

conceded that they were not trying to use *Bloemker* to overturn *Sprague*.[3]

Based upon Plaintiffs' statement that they were not attempting to use *Bloemker* to overturn *Sprague*, and in the complete absence of any other discussion by Plaintiffs about *Bloemker,* the undersigned determined that it was "unnecessary for the Court to consider *Bloemker*." Docket No. 92, p. 4. It is, therefore, incredibly disingenuous for Plaintiffs to now argue that the undersigned should be recused based upon an alleged failure to read or understand *Bloemker.*

Recusal is required under 28 U.S.C. § 455(a) "if a reasonable, objective person, knowing all the circumstances, would have questioned the judge's impartiality." *Johnson v. Mitchell,* 585 F.3d 923, 945 (6th Cir. 2009). There are simply no grounds for an objective person, knowing all the circumstances, to question the undersigned's impartiality. If the undersigned has erred as grievously as Plaintiffs suggest, the District Judge in this case will have an appropriate opportunity, based on a de novo review, to rectify that error. Plaintiffs, however, have shown no basis for the recusal of the undersigned.

For the foregoing reason, the instant Motion (Docket No. 107) is DENIED.

IT IS SO ORDERED.

_E. Clifton Knowles_
E. Clifton Knowles
United States Magistrate Judge

---

[3] In any event, *Bloemker* cannot "overturn" *Sprague*. *See* 6th Cir. R. 206(c)("Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court.").